UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Peter Phillips and Tabatha Phillips,<br><br>　　　　　　　　Plaintiffs,<br>　v.<br>Convergent Outsourcing, Inc.,<br><br>　　　　　　　　Defendant. | Civil Action No.: 4:18-cv-2134<br><br><br>**COMPLAINT**<br>**JURY** |

For this Complaint, Plaintiffs, Peter Phillips and Tabatha Phillips, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. Plaintiffs, Peter Phillips and Tabatha Phillips ("Peter" and "Tabatha" and collectively referred to as "Plaintiffs"), are adult individuals residing in Montgomery, Texas, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant, Convergent Outsourcing, Inc. ("Convergent"), is a Washington business entity with an address of 800 SW 39th Street, Renton, Washington 98057, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.     The Debt**

6.     Plaintiffs allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

7.     The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes, which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

8.     The Debt was purchased, assigned or transferred to Convergent for collection, or Convergent was employed by the Creditor to collect the Debt.

9.     Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.     Convergent Engages in Harassment and Abusive Tactics**

10.    On or about March 26, 2018, Convergent began contacting Plaintiffs in an attempt to collect the Debt.

11.    The caller identification showed the caller as "Hess Corp". However, the telephone number actually belonged to Convergent.

12.    Convergent's use of a different name in an attempt to collect the Debt was false and misleading.

**C.     Plaintiffs Suffered Actual Damages**

13.    Plaintiffs have suffered and continue to suffer actual damages as a result of Defendant's unlawful conduct.

14.    As a direct consequence of Defendant's acts, practices and conduct, Plaintiffs suffered and continue to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, *et seq.*

15. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

16. Defendant's conduct violated 15 U.S.C. § 1692d in that Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiffs in connection with collection of the Debt.

17. Defendant's conduct violated 15 U.S.C. § 1692d(6) in that Defendant placed calls to Plaintiffs without disclosing the identity of the debt collection agency.

18. Defendant's conduct violated 15 U.S.C. § 1692e in that Defendant used false, deceptive and/or misleading representations or means in connection with collection of the Debt.

19. Defendant's conduct violated 15 U.S.C. § 1692e(10) in that Defendant employed false and deceptive means to collect the Debt.

20. Defendant's conduct violated 15 U.S.C. § 1692e(14) in that Defendant used a name other than the true name of the debt collection agency.

21. Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect the Debt.

22. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA.

23. Plaintiffs are entitled to damages as a result of Defendant's violations.

## COUNT II
## VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT
## TEX. FIN. CODE ANN. § 392, et al.

24. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

25. Plaintiffs are "consumers" as defined by Tex. Fin. Code Ann. § 392.001(1).

26. Defendant is a "debt collector" and a "third party debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

27. Defendant called Plaintiffs and failed to identify the name of the debt collection agency or the individual debt collector, with the intent to annoy and harass, in violation of Tex. Fin. Code Ann. § 392.302(2).

28. Defendant used a name other than that of its business, in violation of Tex. Fin. Code Ann. § 392.304(a)(1)(A).

29. Plaintiffs are entitled to injunctive relief and actual damages pursuant to Tex. Fin. Code Ann. § 392.403(a)(1) and (2) and to remedies under Tex. Bus. & Comm. Code § 17.62 pursuant to Tex. Fin. Code Ann. § 392.404(a).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray that judgment be entered against Defendant:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

4. Injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

5. Actual damages pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

6. Remedies under Tex. Bus. & Comm. Code § 17.62 pursuant to Tex. Fin. Code Ann. § 392.404(a);

7. Punitive damages; and

8. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: June 25, 2018

                       Respectfully submitted,

                       By:   /s/ Jenny DeFrancisco

                       Jenny DeFrancisco, Esq.
                       CT Bar No.: 432383
                       LEMBERG LAW LLC
                       43 Danbury Road, 3rd Floor
                       Wilton, CT 06897
                       Telephone: (203) 653-2250
                       Facsimile:  (203) 653-3424